**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                         *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SANDRA CLARK,** | : | **Civil Action No.** |
| **7516 N 21st Street** | : | |
| **Philadelphia, PA 19138** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **CHILDREN'S HOSPITAL OF** | : | |
| **PHILADELPHIA,** | : | |
| **3401 Civic Center Boulevard** | : | |
| **Philadelphia, PA 19104** | : | |
| | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Sandra Clark (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Children's Hospital of Philadelphia (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO") and the Family and Medical Leave Act of 1993, as amended ("FMLA").  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Children's Hospital of Philadelphia is a children's hospital with a location and corporate headquarters at 3401 Civic Center Boulevard, Philadelphia, PA 19104.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.   In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise

2

of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under the ADA, the ADEA, PHRA and the PFPO.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and age discrimination as well as retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2025-10085 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 3, 2026. Plaintiff received the notice by electronic mail.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff was born in 1959.

23. Plaintiff has the serious medical conditions of attention deficit/hyperactivity disorder ("ADHD"), generalized anxiety disorder ("GAD"), and thyroid issues which are considered to be disabilities under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

24. The major life activities affected by Plaintiff's disabilities, include, but are not limited to, concentration and the lymphatic system.

25. In or around July 2023, Defendant hired Plaintiff in the position of Senior Writer in Donor Relations.

26. Plaintiff was well qualified for her position and performed well.

### DEFENDANT INFORMED PLAINTIFF THAT SHE WAS PERFORMING WELL

27. At or around her time of hire, Plaintiff asked Karen Hamilton, Senior Director of Donor Relations, Chop Foundation, Hamilton's supervisors, as well as Gift Officers about editing applied to stewardship impact reports she had written as well as minor mistakes made in other aspects of the position.

28. Hamilton informed Plaintiff that these issues were "fine" and that she was "exceeding expectations" or words to that effect.

### DEFENDANT ASSIGNED PLAINTIFF DRAMATICALLY MORE WORK THAN IT INFORMED HER IT WOULD

29. Some months later, Hamilton told Plaintiff that she was expected to write two (2) stewardship impact reports in the first year.

30. Despite this expectation, Defendant had Plaintiff draft nine (9) stewardship reports in the first year.

### DEFENDANT INFORMED PLAINTIFF THAT IT WOULD PROVIDE HER WITH TRAINING, BUT DID NOT PROVIDE IT TO HER

31. Plaintiff observed that a lot of re-writing occurred during her employment and Hamilton informed her that this was nothing to worry about and was part of normal procedure at Defendant.

32. Hamilton had indicated to Plaintiff that she would be trained on the steps of project management during Plaintiff's employment.

33. Defendant did not provide any such training and instead expected Plaintiff to just complete the assignments given.

**PLAINTIFF'S NEW SUPERVISOR NITPICKED HER WORK PRODUCT AND BERATED HER**

34. In or around January 2024, Saifa Al-Sadoon, Senior Associate Director of International Advancement, (upon information and belief late 30's or early 40's), became Plaintiff's supervisor.

35. Al-Sadoon had an issue with Plaintiff's drafting and started to harass Plaintiff and complain that Plaintiff "couldn't write well" or words to that effect.

36. Al-Sadoon was constantly nitpicking Plaintiff's work product and berating her.

**PLAINTIFF REQUESTED AND WAS APPROVED FOR FMLA LEAVE**

37. On or about November 18, 2024, Plaintiff requested Family and Medical Leave Act ("FMLA") leave due to stress and anxiety she experienced due to Defendant's conduct as well as exacerbation of her aforementioned disabilities.

38. On November 19, 2024, Plaintiff went out on short-term disability ("STD")/FMLA leave through February 10, 2025.

**PLAINTIFF'S DOCTOR REQUESTED REASONABLE ACCOMMODATIONS DUE TO PLAINTIFF'S DISABILITIES**

39. On February 4, 2025, Dr. Tracey Jones, Psychiatrist, submitted a request for accommodations to Defendant in form of remote work as needed, written instructions, training, and help with time management on behalf of Plaintiff.

**DEFENDANT PLACED PLAINTIFF ON A 60-DAY PERFORMANCE COACHING PLAN UPON HER RETURN TO WORK**

40. On February 13, 2025, Plaintiff returned to work at Defendant.

41. That same day, Al-Sadoon and Hamilton met with Plaintiff and informed her of the 60-day Performance Coaching Plan that they intended to issue to Plaintiff.

42. On February 24, 2025, Al-Sadoon issued Plaintiff the 60-day Performance Coaching Plan.

## PLAINTIFF COMPLAINED TO DEFENDANT'S DEI DEPARTMENT REGARDING DEFENDANT'S FAILURE TO ACCOMMODATE HER, BUT HER COMPLAINT WAS NOT PROPERLY ADDRESSED

43. Previously, on February 12, 2025, Plaintiff emailed a complaint to Rebecca Lozado, Program Manager of Defendant's Diversity, Equity, and Inclusion ("DEI") Department, and Noah Cook, DEI Department, to receive assistance gaining accommodations and to navigate requirements of the coaching plan Al-Sadoon had informed Plaintiff would be placed on.

44. Lozado and Cook did not provide assistance as they did not meet with Plaintiff until in or around early March 2025, approximately two (2) weeks into Plaintiff's 60-day Performance Coaching Plan.

45. At this meeting, Lozado and David Saide, Program Coordinator, included Hamilton and Al-Sadoon without giving Plaintiff prior notice.

46. Following the meeting, Lozado and Saide did not provide any support to Plaintiff.

47. Upon information and belief, Lozado and Saide were coordinating with Hamilton and Al-Sadoon instead of Plaintiff.

## DEFENDANT NOTIFIED PLAINTIFF THAT HER ACCOMMODATIONS WERE APPROVED, BUT DID NOT PROVIDE THEM TO HER

48. On March 20, 2025, Al-Sadoon, Hamilton and Brittany Sassano, Senior Human Resources Business Partner, informed Plaintiff that her accommodation requests were approved.

49. However, Plaintiff did not receive help implementing her requested accommodations.

7

## AL-SADOON PLACED PLAINTIFF ON A PIP

50. On April 21, 2025, immediately after her 60-day Performance Coaching Plan ended, Al-Sadoon placed Plaintiff on a Performance Improvement Plan ("PIP").

51. This PIP included metrics and weekly meetings but also included a statement that Plaintiff was required to write "with minimal edits" or words to that effect.

52. The edits referenced by Defendant were subjective in nature and Defendant wrote the PIP in a way that was setting Plaintiff up for failure and to establish a pretextual reason to terminate Plaintiff.

53. This ongoing harassment and discriminatory/retaliatory treatment left Plaintiff to believe she had no choice but to end her employment with Defendant.

## DEFENDANT CONSTRUCTIVELY DISCHARGED PLAINTIFF

54. On May 29, 2025, feeling left with no other option, Plaintiff emailed notice of her retirement to Al-Sadoon effective June 5, 2025.

55. Defendant constructively discharged Plaintiff by forcing Plaintiff to retire.

56. Plaintiff was 66 years old at the time of her constructive discharge.

57. Defendant discriminated against Plaintiff due to her age and disabilities, failed to accommodate Plaintiff and retaliated against her for requesting reasonable accommodations in violation of the ADEA, the ADA, the PHRA and the PFPO.

58. In addition, Defendant retaliated against Plaintiff for utilizing her rights under the FMLA in violation of the FMLA.

59. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – AGE DISCRIMINATION
## <u>AGE DISCRIMINATION IN EMPLOYMENT ACT</u>

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff was born in 1959.

62. Plaintiff was qualified to perform the job.

63. Defendant terminated Plaintiff.

64. Defendant treated younger employees more favorably than Plaintiff.

65. Defendant has no legitimate non-discriminatory reason for its actions.

66. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

67. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – AGE DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her age.

70. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

9

## COUNT III – AGE DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her age.

73. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

75. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

76. Plaintiff was qualified to perform the job.

77. Plaintiff was subject to an adverse employment action, including, but not limited to constructive discharge.

78. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

79. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

80. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

81. The purported reason for Defendant's decision is pretextual.

82. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

83. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

84. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

85. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

86. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

87. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

88. Plaintiff was qualified to perform the job.

89. Plaintiff was subject to an adverse employment action, including, but not limited to constructive discharge.

11

90. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

91. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

92. Plaintiff's disabilities motivated Defendant's decision to constructively discharge Plaintiff.

93. The purported reason for Defendant's decision is pretextual.

94. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

95. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

96. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – DISABILITY DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

97. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

98. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

99. Plaintiff was qualified to perform the job.

100. Plaintiff was subject to an adverse employment action, including, but not limited to constructive discharge.

101. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

102. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

103. Plaintiff's disabilities motivated Defendant's decision to constructively discharge Plaintiff.

104. The purported reason for Defendant's decision is pretextual.

105. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

106. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

107. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VII – RETALIATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

108. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

109. Plaintiff engaged in activity protected by the ADA.

110. Plaintiff requested reasonable accommodations due to her disabilities to Defendant, reported Defendant's failure to accommodate and discriminatory harassment.

111. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

112. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VIII – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

113. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

114. Plaintiff engaged in activity protected by the PHRA.

115. Plaintiff requested reasonable accommodations due to her disabilities to Defendant, reported Defendant's failure to accommodate and discriminatory harassment.

116. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

117. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IX – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

118. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

119. Plaintiff engaged in activity protected by the PFPO.

120. Plaintiff requested reasonable accommodations due to her disabilities to Defendant, reported Defendant's failure to accommodate and discriminatory harassment.

121. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

122. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT X – RETALIATION
### FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

123. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

124. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

125. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own serious medical conditions.

126. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

127. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

128. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by constructively discharging her employment.

129. Defendant's motivation for retaliating against Plaintiff was connected causally to

15

Plaintiff's FMLA leave.

130. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

131. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

132. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

133. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Sandra Clark, requests that the Court grant her the following relief against Defendant:

(a)  Compensatory damages;

(b)  Punitive damages;

(c)  Liquidated damages;

(d)  Emotional pain and suffering;

(e)  Reasonable attorneys' fees;

(f)  Recoverable costs;

(g)  Pre and post judgment interest;

(h)  An allowance to compensate for negative tax consequences;

(i)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, the ADA, the PHRA, the PFPO and the FMLA.

(j)  Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

17

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.


RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**


Date: April 28, 2026                    **By:** */s/David M. Koller*
                                        David M. Koller, Esquire
                                        Jordan D. Santo, Esquire
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        215-545-8917
                                        davidk@kollerlawfirm.com
                                        jordans@kollerlawfirm.com

                                        *Counsel for Plaintiff*